*470 JUSTICE RICE,
concurring.
¶80 I concur with the Court’s resolution of all of the issues, including that Timothy is without standing to raise a due process argument on behalf of his mother, wherein he has argued that A.M.M. had a right to private counsel. However, the involvement of the state public defender in a case involving millions of dollars in assets bears mention.
¶81 As the District Court correctly noted, appointment of the public defender’s office in a guardianship case is authorized by the Probate Code. See § 72-5-408(2), MCA (“Unless the person to be protected has counsel of the person’s own choice, the court shall order the office of state public defender... to assign counsel to represent the person....”). Correspondingly, the Montana Public Defender Act provides that a court may order the public defender to assign counsel “in cases in which a person is entitled by law to the assistance of counsel at public expense regardless of the person’s financial ability to retain private counsel,” including “a person who is the subject of a petition for the appointment of a guardian or conservator in a proceeding under the provisions of the Uniform Probate Code...” Section 47-l-104(4)(bXvii), MCA. Thus, while it seems unusual for the public defender to be involved in a case like this, the Court correctly concludes that the District Court was authorized to appoint the public defender to represent A.M.M. and had appropriate reason to do so.
¶82 It should also be highlighted that one of the stated purposes of the Public Defender Act is to “ensure that clients of the statewide public defender system pay reasonable costs for services provided by the system based on the clients’ financial ability to pay.” Section 47-1-102(6), MCA. A public defender account has been statutorily created to receive “payments for the cost of a public defender in proceedings under the provisions of the Uniform Probate Code in Title 72, chapter 5... when the respondent is determined to have the financial ability to pay for a public defender and a judge orders payment....” Section 47-1-110(2)(d), MCA.
¶83 It is a challenge for the public defender system to perform all of its duties within its allotted resources. In guardianship cases where significant private assets are involved, and the client has the “financial ability to pay,” § 47-l-110(2)(d), MCA, the public defender and the courts should be diligent to ensure that appropriate reimbursement is ordered to the defender system for services provided.